## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| TWONA G. ANDREWS, | § | CIVIL ACTION NO. H-08-3568 |
| | § | |
| Debtor. | § | |

## ORDER

Twona G. Andrews filed a notice of appeal from an order of the bankruptcy court on

December 4, 2008.  She did not, however, file a designation of the record or take other steps

to perfect the appeal.  Rule 8001 of the F.R.B.P. provides, in relevant part:

> An appeal from a judgment, order, or decree of a bankruptcy judge to
> a district court or bankruptcy appellate panel as permitted by 28
> U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal
> with the clerk within the time allowed by Rule 8002.  An appellant's
> failure to take any step other than timely filing a notice of appeal does
> not affect the validity of the appeal, but is ground only for such action
> as the district court or bankruptcy appellate panel deems appropriate,
> which may include dismissal of the appeal.

F.R.B.P 8001(a).  Only the failure to file a notice of appeal, which deprives the reviewing

court of jurisdiction, mandates dismissal.  In contrast, the district court does not invariably

dismiss for breaches of other procedural rules, including Rule 8006.  *See In re Tampa Chain*

*Co., Inc.*, 835 F.2d 54, 55 (2d Cir.1987) (per curiam) (citations omitted).  Rather, the court

must exercise discretion and consider what sanctions are appropriate.

While the Notice of Appeal was timely filed, Andrews has not filed any of the

documents required under F.R.B.P. 8006 or 8009, and has not sought any extensions of time

in which to comply with these Rules.  This order notifies Andrews of her failure to comply

and orders her to show cause, no later than January 30, 2009, why this case should not be

dismissed in accordance with F.R.B.P. 8001(a).

SIGNED on January 5, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge